UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No. 2:14-cv-1925 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] On November 4, 2014, this court denied plaintiff's request to proceed in forma pauperis ("IFP") because his application did not contain a certified copy of his prison trust account or the certified institutional equivalent. ECF No. 25. Plaintiff was directed to submit a properly supported IFP application within thirty days, and cautioned that failure to do so would result in a recommendation that this action be dismissed without prejudice. Id. Plaintiff has

---

[1] Plaintiff's initial document, filed in the Northern District of California, was entitled "Petition to reopen / Request to reopen all cases that go with this," and was docketed as a Petition for a Writ of Habeas Corpus. ECF No. 1. In a later review of the original document, the Northern District court found that plaintiff raised civil rights claims, and ordered the case transferred to this district pursuant to the venue provisions applicable to Section 1983 cases. ECF No. 12. This court has accordingly treated the case as one brought pursuant to 42 U.S.C. § 1983. See ECF No. 15.

1

---

responded to the court's order by filing a "Complaint" (ECF No. 28), a "Motion to remove my IFP's" (ECF No. 29), and a document entitled "To be excused from in Forma Pauperis filing fee" (ECF No. 30).

Upon further review of the record, the court has determined that plaintiff is statutorily precluded from proceeding in forma pauperis. Plaintiff has,

> on 3 or more prior occasions, while incarcerated . . ., brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

See 28 U.S.C. § 1915(g). Further, plaintiff has not shown that he "is under imminent danger of serious physical injury." Id.

1. Prior Cases

Fisher v. FBI, 1:13-cv-0414 SKO (E.D. Cal. )

On March 7, 2013, plaintiff filed an action against the U.S. Federal Bureau of Investigation, pursuant to the civil enforcement provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). Fisher v. FBI, 1:13-cv-0414 SKO (E.D. Cal.). On June 17, 2013, after plaintiff had amended the complaint, the magistrate judge recommended that the amended complaint be dismissed for failure to state any cognizable claims. Id., ECF No. 17 at 1. On July 26, 2013, the district judge adopted the findings and recommendations in full, dismissed the complaint without leave to amend, and entered judgment. Id., ECF Nos. 19 & 20. Plaintiff did not appeal.[2] Because this case is a final dismissal of plaintiff's complaint on the basis that it fails to state a claim, it is a "strike" under Section 1915(g). Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (prior dismissals would qualify as strikes only if they were dismissed because they were "frivolous, malicious or failed to state a claim").

---

[2] A dismissed case cannot ripen into a "strike" until the time for appeal has expired. Silva v. Di Vittorio, 658 F.3d 1090, 1100 (9th Cir. 2011) ("we hold that a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal").

1               Barger (aka Fisher) v. FBI, 1:13-cv-0535 DLB (E.D. Cal.)

2          On April 15, 2013, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, but which also complained about a FOIA issue.  Fisher v. FBI, 1:13-cv-0535 DLB (E.D. Cal.).  On November 21, 2013, the magistrate judge dismissed the complaint for failure to state a claim.  Id., ECF No. 10.  Finding that the deficiencies of the complaint "cannot be cured by amendment," the magistrate judge denied plaintiff leave to amend, and entered judgment (plaintiff having consented to the magistrate judge's jurisdiction).  Id., ECF Nos. 10 & 11.  Plaintiff did not appeal.  Because this case, too, is a final dismissal of plaintiff's complaint on the basis that it fails to state a claim, it is another "strike" under Section 1915(g).  Andrews, 398 F.3d at 1121.

          Barger (aka Fisher) v. Special Agent Casey, 2:13-cv-8889 UA MAN (C.D. Cal.)

          On November 18, 2013, plaintiff filed a civil rights complaint under the Ku Klux Klan Act, 42 U.S.C. § 1985(3).  Barger (aka Fisher) v. Special Agent Casey, 2:13-cv-8889 UA MAN, ECF No. 1 (C.D. Cal.).  Plaintiff neither paid the required filing fee, nor requested permission to proceed with in forma pauperis status.  Id., ECF No. 2 (Clerk's notice).

          On December 11, 2013, the magistrate judge recommended that plaintiff's request to file the action without prepayment of the full filing fee be denied because, among other reasons, the complaint is "[f]rivolous, malicious or fails to state a claim upon which relief may be granted," because it "fails to state a cognizable claim against any named defendant," and because it "[s]eeks monetary relief from a defendant immune from such relief."  Id.  The district judge accordingly denied plaintiff's request to file the action without prepayment of the full filing fee, and ordered the case closed if plaintiff did not timely respond.  Id.  Plaintiff did not appeal.

          In this case, plaintiff's complaint was not explicitly "dismissed" for the reasons set forth in Section 1915(g), as seemingly required to be a "strike" under that section.  Rather, the court denied plaintiff's request to proceed without prepayment of the filing fee.  However, the district court plainly disposed of plaintiff's complaint on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]  In such a case, the Ninth

---

[3] Indeed, the court found that the complaint met the criteria for mandatory dismissal under 28 (continued…)

Circuit rule is clear:

> we hold that when a district court disposes of an in forma pauperis complaint "on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted," such a complaint is "dismissed" for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.

O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).[4] Accordingly, this case is another "strike" against plaintiff.

2.   Imminent Danger

Plaintiff could nevertheless proceed in forma pauperis if he made a showing that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court has examined plaintiff's complaint and his responses to the court's prior order, including his request to be excused from the IFP requirements, and finds no assertion that he is in imminent danger of serious physical injury.

3.   Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that for the reasons set forth above:

1.   Plaintiff be barred from proceeding in this action under the three strikes provision of 28 U.S.C. § 1915(g) and plaintiff be directed to pay the filing fee in full within twenty-eight

---

U.S.C. §§ 1915A (mandatory dismissal of in forma pauperis complaint on screening if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief") , 1915(e)(2)(B) (same for prisoner complaints) and 42 U.S.C. § 1997e(c) (same for prisoner complaints). Since dismissal was therefore mandatory, this court must construe the termination of the case, by whatever words are used, as a "dismissal" under those provisions. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

[4] There is no principled basis for distinguishing O'Neal on the ground that plaintiff in this last case never formally asked to proceed in forma pauperis. The plaintiff did file his complaint without prepayment of the filing fee, and without any other explanation for its absence. It is reasonable to conclude, as the Central District court apparently did, that plaintiff was requesting permission to proceed without prepayment of the fee, which, if granted, would constitute in forma pauperis status. Accordingly, the complaint in that case was an "in forma pauperis complaint" subject to the O'Neal rule.

days of adoption of these findings and recommendations, should that occur;

2. Absent timely payment of the filing fee, the case be dismissed, and his pending motions (ECF Nos. 19 & 21), be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE